UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW C. DUNBAR, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:23-cv-01394 SEP |
| ) | |
| MIDLAND STATES BANCORP, INC., ) | |
| d/b/a MIDLAND STATES BANK, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Matthew Dunbar's Motion to Remand, Doc. [13]. The motion is fully briefed and ready for disposition. *See* Docs. [14], [18], [21], [22], [24]. For the reasons set forth below, the motion is granted.

### FACTS AND BACKGROUND

Dunbar filed this action in the Circuit Court for the City of St. Louis, Missouri against his former employer, MSB. He asserts claims of discrimination and retaliation under the Missouri Human Rights Act (MHRA) (Counts I and II), workers' compensation retaliation under Mo. Rev. Stat. § 287.780 (Count III), and retaliation under the Missouri Whistleblower's Protection Act (MWPA) (Count IV). Doc. [1-1]. The Petition alleges that Dunbar resides in Missouri and that MSB "is a foreign for-profit national bank corporation doing business in the State of Missouri including at its place of business located" in Missouri. *Id*. ¶¶ 1, 2. Dunbar seeks damages in excess of $25,000. *Id*. ¶¶ 84, 92, 109, 120.

MSB filed a timely notice of removal (NOR), invoking both federal question jurisdiction and diversity jurisdiction. Doc. [1]. The NOR asserts federal question jurisdiction "[p]ursuant to 28 U.S.C. §§ 1331 and 1343," because Dunbar "seeks relief under Acts of Congress providing for protection of civil rights under MHRA, workers' compensation, and the [MWPA]." *Id*. ¶ 3. The NOR also invokes "diversity of citizenship," but it does not state the citizenship of the parties or the amount in controversy. *Id*.

Dunbar timely moved to remand, arguing that the petition brings only state law claims and that, pursuant to 28 U.S.C. § 1445(c), it is not removable because it arises under Missouri's workers' compensation law. *See* Docs. [13], [14]. He asks the Court to order MSB to pay the

costs and expenses, including attorney's fees, he incurred as a result of Defendant's improper removal.  *Id.*

Pointing to the charge of discrimination Plaintiff filed with the Missouri Commission on Human Rights (MCHR), MSB argues that his claims implicate significant federal issues because he alleged that MSB retaliated against him for reporting violations of the Consumer Financial Protection Act and the Home Mortgage Data Act and that he suffered Family Medical Leave Act interference.  Doc. [18] at 3-10.  MSB also argues that Dunbar fraudulently joined the workers' compensation retaliation claim to defeat federal jurisdiction, because he failed to allege that he exercised a right under § 287.780.  *Id.* at 10-13.  MSB requests that, if this Court finds that Dunbar has adequately stated a claim for workers' compensation retaliation, it sever and remand the § 287.780 claim to state court pursuant to 28 U.S.C. § 1441(c)(2).  *Id*. at 12-13.  In his reply, Dunbar maintains that the petition alleges only violations of state law and that MSB is attempting to create a federal question by rewriting his claims.  Doc. [21].  Dunbar later moved for leave to file a notice of supplemental authority, which this Court granted.  *See* Doc. [23].

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Myers v. Richland Cnty*., 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994)).  A claim may be removed to federal court only if it could have been brought there originally.  *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996).

"The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence."  *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).  A federal court must remand a case to state court if it appears the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c); *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.  "All doubts about federal jurisdiction should be resolved in favor of remand to state court."

*In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007). .

## DISCUSSION

Defendant argues that this Court has both federal question jurisdiction and diversity jurisdiction. The Court will consider each asserted basis for its jurisdiction in turn.

**I.    MSB fails to establish federal question jurisdiction.**

Federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim "arises under" federal law depends on the contents of the well-pleaded complaint. *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). "Because the well-pleaded complaint rule 'makes the plaintiff the master of the claim[, a plaintiff] may avoid federal question jurisdiction by exclusive reliance on state law.'" *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Defendants are "not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law." *Id.* (quoting *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000)).

Although MSB argues at length that this Court has "arising under" jurisdiction because the allegations in the MCHR charge implicate significant federal issues, it cites no authority in support of that contention. *See* Doc. [18] at 3-10. And many courts in this district have rejected such arguments. *See Hurst v. Midwest Parts & Equip. Co.*, 2016 WL 525460, at *2 (E.D. Mo. Feb. 8, 2016) (rejecting argument that plaintiff's reference to the EEOC/MCHR charge was broad enough to include claims under Title VII and the ADEA where the petition referenced and attached only the notice of right to sue letter from the MCHR); *Fouche v. Mo. Am. Water Co.*, 2012 WL 2718925, at *5 (E.D. Mo. July 9, 2012) (references to the EEOC were not enough to allege a Title VII claim, especially where "the charge was not attached to the Complaint, there is no reference in the Complaint to Title VII, and the plaintiff prays for relief solely under the MHRA"); *Kaufman v. Boone Ctr., Inc.*, 2011 WL 1564052, at *3 (E.D. Mo. Apr. 25, 2011) (plaintiff's incorporation of the EEOC/MCHR Charge and references to disabled persons and the

ADA simply explained her state law retaliation claim and did not cause it to "arise under" any federal law).

As MSB admits, Dunbar relied exclusively on state law in his petition, which he was entitled to do. *See Cent. Iowa Power Co-op.*, 561 F.3d at 912 (quoting *Caterpillar Inc.*, 482 U.S. at 392) ("Because the well-pleaded complaint rule 'makes the plaintiff the master of the claim[, the plaintiff] may avoid federal jurisdiction by exclusive reliance on state law.'"); *see also Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (federal courts generally give considerable deference to a plaintiff's choice of forum). MSB seeks to "inject a federal question into" Plaintiff's "otherwise state-law claim[s]." *See Cent. Iowa Power Co-op.*, 561 F.3d at 912 (quoting *Gore*, 210 F.3d at 948). Its attempt to establish federal question jurisdiction therefore fails.

II.   **Plaintiff's workers' compensation retaliation claim precludes the exercise of diversity jurisdiction.**

Defendant concedes that a well-pled workers' compensation retaliation claim would prevent this Court from exercising diversity jurisdiction over this action, even if the parties are diverse. *See* Doc. [18] at 11; 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."); *Johnson v. AGCO Corp.*, 159 F.3d 1114, 1116 (8th Cir. 1998) (emphasis added) ("[Section] 1445(c) prevents removal of cases 'arising under' state worker's compensation law *even where there is diversity of citizenship between the parties*[.]"); *id.* (citing *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995)) ("[A] retaliatory discharge claim pursuant to Mo. Rev. Stat. § 287.780 'arises under' Missouri worker's compensation law."). Thus, in addition to asserting that the standard prerequisites for diversity jurisdiction are satisfied, Defendant also argues that Plaintiff's workers' compensation retaliation claim is fraudulent. As the latter issue is dispositive, the Court turns to it first.[1]

Although a plaintiff generally "may by the allegations of his complaint determine the status with respect to removability of a case," *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 282 (1918), a plaintiff may not fraudulently plead a non-removable claim to avoid federal jurisdiction. *See Tumlin-Piper v. United Healthcare Servs., Inc.*, 2021 WL 3268356, at *2 (E.D.

---

[1] In light of its finding that the workers' compensation retaliation claim is not fraudulent, the Court does not reach whether the traditional prerequisites for diversity jurisdiction are satisfied.

Mo. July 30, 2021); *Dame v. Sw. Bell Tel. Co.*, 2021 WL 67213, at *3 (W.D. Mo. Jan. 7, 2021). To establish fraudulent joinder, MSB must show that Dunbar's claim is "so baseless . . . as to constitute a fraudulent attempt to defeat the jurisdiction of the federal court." *Farmers' Bank & Trust Co. of Hardinsburg, Ky. V. Atchison, T. & S.F. Ry. Co*, 25 F.2d 23, 29 (8th Cir. 1929); *see also White v. Union Pac. R.R. Co.*, 2019 WL 3400716, at *1 n.3 (W.D. Mo. July 26, 2019); *Dame*, 2021 WL 67213, at *3. MSB bears the burden of proof, and "all situations of doubt are to be resolved in favor of the plaintiff." *Boyle v. Chicago, R.I. & P. Ry. Co.*, 42 F.2d 633, 635 (8th Cir. 1930). If MSB fails to carry its burden, remand is required, even if diversity is adequately alleged. *See Johnson*, 159 F.3d at 1116.

To adequately state a workers' compensation claim under § 287.780, a plaintiff must allege facts demonstrating that: (1) he was employed by MSB before the injury; (2) he exercised a right under Chapter 287; (3) MSB discharged or discriminated against him; and (4) his exercise of rights under the statute was a contributing factor in the aforementioned discharge or discrimination. *Demi v. Sheehan Pipeline Constr.*, 452 S.W.3d 211, 214-15 (Mo. Ct. App. 2014). MSB argues that the § 287.780 claim is fraudulent because Dunbar alleged only that he experienced a workplace injury and that he reported the injury to his supervisors, which MSB contends is insufficient to adequately allege that he exercised a right under the statute. Cite?

Missouri courts have found that "providing notice of such an injury to employer, and 'interim disability from work' are incidents of compensable benefits and amount to the exercise of rights under the Workers' Compensation Law." *Demi*, 452 S.W.3d at 216-17. Here, Dunbar alleged that he suffered severe anxiety, depression, and mental distress; that he reported his work-related injuries to his supervisors; and that he requested leave to treat the injuries. Doc. [1-1] ¶¶ 96-97. Thus, under Missouri law, Dunbar sufficiently alleged that he exercised a right under § 287.780. *See Tumlin-Piper*, 2021 WL 3268356, at *3 (plaintiff asserted a colorable claim under § 287.780 based on allegations that she suffered from mental stress and that her employer was aware of the injury); *Davis v. Villages of Jackson Creek, LLC*, Case No. 4:19-CV-01011-BCW, Doc. 30 at pp. 6-7 (W.D. Mo. July 6, 2020) (plaintiff did not fraudulently join a claim under § 278.780 where she alleged that she gave notice to her employer that she suffered from mental stress due to the work environment); *Demi*, 452 S.W.3d at 216-17.

Because MSB has not met its burden of showing that Dunbar's workers' compensation retaliation claim is "so baseless . . . as to constitute a fraudulent attempt to defeat the jurisdiction

of the federal court," *Farmers' Bank*, 25 F.2d at 29, 28 U.S.C. § 1445(c) prevents this Court from exercising diversity jurisdiction in this case. *See Boyle*, 42 F.2d at 635; *Johnson*, 159 F.3d at 1116; *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620. Thus, the Court must remand this case to state court. *See* 28 U.S.C. § 1447(c); *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

### III.  **No fees or costs will be awarded.**

Dunbar has requested that this Court award costs and expenses, including attorneys' fees, pursuant to 28 U.S.C. § 1447(c). Although MSB has not met its burden to establish federal jurisdiction, its bases for seeking removal are not objectively unreasonable. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (an award of costs and fees is appropriate where the removing party "lacked an objectively reasonable basis for seeking removal"). Thus, Dunbar's request for costs and expenses is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Matthew Dunbar's Motion to Remand, Doc. [13], is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the City of St. Louis, Missouri.

**IT IS FURTHER ORDERED** that Dunbar's request for costs and expenses, including attorney's fees, is **DENIED**.

**IT IS FINALLY ORDERED** that Defendant MSB's Motion for Judgment on the Pleadings as to Count III or, in the Alternative, Motion to Sever Count III from Plaintiff's Complaint is **DENIED as moot** in light of the Court's lack of jurisdiction.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 10th day of October, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE